74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lori K. HUNT, et al., Plaintiffs-Appellees,
Plaintiffs-Appellants (94-4197),
v.
Darwin WOODS, Defendant-Appellant (94-3748), Defendant-Appellee.
 Nos. 94-3748, 94-4197.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1996.
 
 Before: LIVELY, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals a judgment for plaintiff in this diversity personal injury action applying Ohio law. Plaintiff appeals the denial of pre-judgment interest. For the following reasons we AFFIRM both decisions.
 
 I.
 
 2
 An Ohio jury returned a $37,000 verdict against defendant Darwin Woods to compensate plaintiff Lori Hunt for damages she suffered as the result of an April 1991 automobile accident. The parties stipulated to defendant's liability, and a trial was held to determine damages.
 
 
 3
 At trial, plaintiff's treating physician, Dr. Schenz, testified as to plaintiff's medical history, current condition, and the injuries she sustained in the April 1991 accident. Throughout his testimony, Dr. Schenz referred to Plaintiff's Exhibit 19--the medical records and charts he made while treating plaintiff. At one point in the direct examination, Dr. Schenz testified as follows about the possibility of future pain and suffering:
 
 
 4
 Q: Sir, do you have an opinion with a reasonable medical certainty as to whether or not Lori Hunt will continue to suffer from severe headaches, neck pain, shoulder pain and dorsal pain on into the future years as a direct and proximate result of the automobile collision of April 28th of 1991?
 
 
 5
 A: Yes, based upon past experience. Stressful situations, and not only physical or but even--but even emotional stress factors, sometimes, would bring back recurrence of these things, basic symptoms that she has complained of here.
 
 
 6
 On cross-examination, defense counsel questioned Dr. Schenz about lapses and omissions in his medical records. Dr. Schenz prefaced one answer by stating: "I'm a lousy record keeper, sir." He then went on to testify further regarding plaintiff's injuries and the state of his records and charts.
 
 
 7
 At the close of her case, plaintiff moved for admission of several exhibits, including the medical records, into evidence. Defendant objected on hearsay grounds. The District Court admitted the medical records into evidence under the business record exception to the hearsay rule. FED.R.EVID. 803(6).
 
 
 8
 Plaintiff requested an instruction authorizing the jury to award damages for future pain and suffering if they were persuaded that there was a reasonable probability of such future damages. Defendant objected on the grounds that there was insufficient evidence from which a jury could award future damages. The District Court overruled the objection and gave the instruction. The jury returned with a $37,000 general verdict.
 
 II. Defendant's Appeal (94-3748)
 
 9
 On appeal, defendant argues that the District Court (1) erroneously admitted Dr. Schenz's medical records into evidence because they were inherently untrustworthy and thus outside the scope of the FED.R.EVID. 803(6) hearsay exception; and (2) erroneously submitted the issue of future damages to the jury because there was insufficient evidence adduced at trial to support such an award. We consider each argument in turn.
 
 A. Admission of the Medical Records
 
 10
 Hearsay evidence is ordinarily not admissible. See FED.R.EVID. 802. However, there is an exception to this rule for records of a regularly conducted business activity. FED.R.EVID.%D 803(6). IT PROVIDES THAT THE HEARSAY RULE DOES NOT EXCLUDE:
 
 
 11
 A memorandum, report, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, a person with knowledge, if kept in the course of a regularly business activity, and if it was the regular practice of that business activity to make the memorandum, report, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness....
 
 
 12
 Defendant's sole argument here is that Dr. Schenz's medical records are outside the scope of this hearsay exception because the circumstances of their preparation indicate that they lack trustworthiness. Defendant requests this court to grant a new trial.
 
 
 13
 Defendant does not contest the foundation of the medical records as admissible business records. Instead, defendant cites the following factors as indicia of untrustworthiness: (1) the medical records contain references both to the injuries plaintiff suffered in the April 1991 accident, and a preceding injury that plaintiff suffered in an unrelated accident; (2) some of the medical records were missing as a result of a break-in and vandalism at the doctor's office; and (3) Dr. Schenz stated that he was "a lousy record keeper." While these factors may diminish the persuasive value of Dr. Schenz's medical records, they do not render them so untrustworthy as to exclude them from the hearsay exception of FED.R.EVID. 803(6). Defendant's arguments go to the weight of the evidence, not the admissibility. Accordingly, the District Court did not err in admitting the medical records of Dr. Schenz.
 
 B. Future Damages
 
 14
 Defendant next argues that the District Court improperly instructed the jury on damages for future pain and suffering. Defendant has no complaint as to the accuracy of this instruction; rather, his sole argument is that there was insufficient evidence produced at trial to warrant an instruction regarding future pain and suffering.
 
 
 15
 "We review jury instructions as a whole to determine whether they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision," and it is error "to instruct the jury on an issue when there has been insufficient evidence presented to support a jury finding on that issue." Jones v. Consolidated Rail Corp., 800 F.2d 590, 592 (6th Cir.1986) (citations omitted).
 
 
 16
 Here, as the District Court noted, plaintiff testified that she is still suffering from pain associated with the injuries she received in the automobile accident. Moreover, plaintiff's treating physician, Dr. Schenz, testified with a reasonable degree of medical certainty that plaintiff would continue to suffer pain from the injuries in the future. From this testimony, a jury could reasonably conclude that compensation for future injuries was warranted. Thus, there was no error in the court's instructions to the jury in this regard.
 
 III. Plaintiffs' Appeal (94-4197)
 
 17
 The District Court held that under the unique circumstances of the settlement discussions in this case, plaintiff was not entitled to prejudgment interest under OHIO REV.CODE Sec. 1343.03(C). OHIO REV.CODE Sec. 1343.03(C), provides:
 
 
 18
 Interest on a judgment, decree or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon Motion of any party to the action, the Court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
 
 Under Ohio law:
 
 19
 A party has not "failed to make a good faith effort to settle" under [the statute] if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
 
 
 20
 Kalain v. Smith, 25 Ohio St.3d 157, 495 N.E.2d 572 (1986).
 
 
 21
 On December 1, 1993, prior to trial, the parties attended a court-ordered mediation in an attempt to reach a settlement. In anticipation of this mediation, plaintiff presented defendant with a settlement demand of defendant's insurance policy limit ($25,000). The offer, however, was contingent upon the approval of plaintiff's insurance company, State Farm. Plaintiff was claiming additional damages from State Farm under her underinsured motorist coverage. Thus, plaintiff did not offer to unconditionally release defendant upon payment of this amount. At the mediation, plaintiff restated her demand for $25,000, and again indicated that settlement was contingent upon the approval of State Farm, which had not been obtained.
 
 
 22
 Defendant did not directly respond to this settlement offer. However, in anticipation of the mediation, counsel for defendant obtained significant settlement authority (over $10,000 but below the policy limit) and attended the mediation with the intent of making a monetary settlement offer. Defendant communicated his authority and intentions to the mediator.
 
 
 23
 After meeting individually with plaintiff, the mediator met individually with defendant. He advised defendant that plaintiff would accept nothing less than $25,000, and indicated that it would not be worthwhile to offer anything less, since there appeared to be no realistic prospect for settlement. For this reason, and this reason alone, no monetary offer was made. On the morning of trial, defendant stipulated to liability, and the jury thereafter returned the $37,000 verdict.
 
 
 24
 Plaintiff's sole argument on appeal is that since defendant had no objectively reasonable belief that he was not liable, his failure to respond to plaintiff's settlement demand with a monetary counter-offer entitles plaintiff to pre-judgment interest on the $37,000 verdict. Plaintiff contends that neither the contingent nature of her offer, nor the events that transpired at mediation, excuse defendant from the requirement of responding to the settlement demand with a monetary counter-offer.
 
 
 25
 A trial court's decisions as to whether a defendant made "a good faith effort to settle" and, hence, whether an award of pre-judgment interest is proper, are reviewed for abuse of discretion. Huffman v. Hair Surgeon, Inc., 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985).
 
 
 26
 The District Court denied plaintiff's motion because, even though defendant did not respond to plaintiff's settlement offer with a monetary counter-offer, defendant acted in complete good faith by obtaining settlement authority and coming to a court-ordered mediation conference prepared to make an offer. The court found that defendant was dissuaded from doing so by the mediator, based upon the mediator's view that any proposed settlement had no chance of being accepted. The court further found that but for the mediator's advice, defendant would have made a monetary settlement offer sufficient "to dispel any notion that the defendant failed to make a good faith effort to settle the case."
 
 
 27
 These findings were based on undisputed testimony and/or proffers at a hearing and are supported by the record. Based on these facts, the District Court determined that the defendant did not fail to make a good faith effort to settle the case. Accordingly, the District Court denied the plaintiff's motion. It was not an abuse of discretion to do so.
 
 IV.
 
 28
 For the foregoing reasons, the decisions of the District Court are hereby AFFIRMED.
 
 
 29
 ---------------
 
 
 
 1 Plaintiffs' appeal, No. 94-4197, was filed separately. These appeals are consolidated for argument and disposition.